

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
FILED
DEC - 8 2016
SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

| | |
|---|---|
| IVAN DIAZ ) | |
| ) | |
| Plaintiff, ) | Case 2016-04470 |
| ) | |
| vs. ) | |
| ) | ATTORNEY LIEN CLAIMED |
| JOHN ZINK COMPANY, LLC, ) | |
| a Foreign For Profit Business ) | |
| Corporation, d/b/a JOHN ZINK ) | Caroline Wall |
| HAMWORTHY COMBUSTION ) | |
| ) | |
| Defendant. ) | |

## PETITION

COMES NOW the Plaintiff, Ivan Diaz, by and through his attorneys of record, Daniel E. Smolen of SMOLEN, SMOLEN & ROYTMAN, PLLC, and brings this action against the Defendant for violations of his statutory and constitutionally protected rights arising out of his employment and termination by said Defendant.

### PARTIES, JURISDICTION AND VENUE

1. This is an action for damages and to secure protection of and to redress deprivation of rights secured by the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601, *et seq.*) (hereinafter "FMLA").

2. Plaintiff is a resident of Oklahoma and resides in Tulsa County, Oklahoma.

3. Defendant John Zink Company, LLC ("John Zink") was Plaintiff's employer and is a foreign for profit corporation that regularly does business in Tulsa County, Oklahoma. Defendant John Zink regularly employees more than fifty employees.

4. The injuries that are the subject of this dispute occurred in Tulsa County, Oklahoma.

5. This Court has jurisdiction and venue is proper in Tulsa County, State of Oklahoma, as the unlawful employment practices complained of herein occurred within Tulsa County, State of Oklahoma.

## FACTS COMMON TO ALL COUNTS

6. Plaintiff, Ivan Diaz, incorporates as if realleged Paragraphs 1-5.

7. Plaintiff began working for John Zink as a code welder on or about October 1, 2012 and was employed with John Zink for nearly four years.

8. During his employment with the Defendant, the Plaintiff was "an eligible employee" as described by 29 U.S.C. § 2611(2) of the FMLA. As a full-time employee of John Zink, the Plaintiff worked over 25 hours a week and met the required minimum of 1,250 work hours in the twelve (12) months previous to his requests for FMLA leave.

9. After a workplace accident in 2015, Plaintiff's anxiety attacks worsened. His medical condition is considered a serious health condition as described by 29 U.S.C. §2661 of the FMLA. Plaintiff's treating physician signed an FMLA certification detailing why Plaintiff could not work while he was having a panic attack, qualifying him for leave under the FMLA.

10. Additionally, on or about March 3, 2016, a physician for the Plaintiff's son signed a Certification of Health Care Provider for Family Member's Serious Health Condition due to Plaintiff's son's serious health condition. On or around March 7, 2016, Defendant sent Plaintiff a letter saying his leave of absence for this purpose had been designated as eligible for intermittent FMLA.

11. Through its employees and managers, Defendant controlled the Plaintiff's ability to take leaves of absence and to return to his employment position with the Defendant. And although Plaintiff performed his duties to the satisfaction of his employer, after he applied and was

approved for FMLA leave he began to receive write-ups when he exercised his right to take intermittent leave for his own serious health condition and that of his son.

12. The Defendant willfully and deliberately interfered with Plaintiff's ability to exercise his rights under the FMLA by disciplining him when he took intermittent FMLA leave for himself or his child.

13. Then at the end of July 2016, Plaintiff's grandfather passed away. Defendant offers bereavement leave to its employees in addition to paid time off. In the past, Plaintiff and other employees never needed preapproval to take bereavement leave.

14. However, after Plaintiff took bereavement leave in July 2016, Gary Goodnight, the plant manager, and Patty Smith, from Human Resources, met with Plaintiff to inform him he should have preapproved his bereavement leave. During the meeting, Plaintiff explained he was never required to preapprove his bereavement leave before and it was common practice at the plant to leave a message regarding bereavement leave if the loss occurred outside of business hours.

15. After the meeting, Mr. Goodnight sent Plaintiff home for the day. The following day Plaintiff discovered his badge did not work and he was locked out of the plant. Patty Smith from Human Resources later called the Plaintiff to inform him he was being discharged as of August 1, 2016.

16. The discriminatory and retaliatory practices complained of above have resulted in the loss of Plaintiff's job with the Defendant, John Zink, and consequently Plaintiff has also suffered lost wages and the loss of heath benefits for himself and his family.

17. The unlawful employment practices complained of were and are intentional.

## FIRST CLAIM FOR RELIEF:
## DISCRIMINATION/RETALIATION IN VIOLATION OF
## FMLA (29 U.S.C. § 2615(a)(1) and (2))

18. Plaintiff, Ivan Diaz, incorporates as if realleged Paragraphs 1-17.

19. By interfering with Plaintiff's FMLA rights and terminating his employment in retaliation for exercising his rights under the FMLA, the Defendant has violated 29 U.S.C. § 2615(a)(1) and 2615(a)(2).

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

  a. Back pay and lost benefits; front pay until normal retirement
  b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
  c. His attorney fees and the costs and expenses of this action;
  d. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

20. Plaintiff, Ivan Diaz, incorporates as if realleged Paragraphs 1-19.

21. The Defendant's actions of intentional and malicious discrimination are extreme and outrageous and have caused severe emotional and psychological damage to the Plaintiff.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

  a. Back pay and lost benefits; front pay until normal retirement
  b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
  c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;
  d. His attorney fees and the costs and expenses of this action;
  e. Such other relief as the Court deems just and equitable.

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant him the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from date of filing of suit, back pay and lost benefits, compensatory damages for mental anguish, punitive damages, pain and suffering and other non-

pecuniary loss, reasonable attorneys fees, injunctive relief, and all other relief deemed appropriate by this Court.

Respectfully submitted,

/s/ Daniel E. Smolen

Daniel E. Smolen, OBA# 19943
SMOLEN, SMOLEN & ROYTMAN, PLLC
701 South Cincinnati Avenue
Tulsa, OK 74119
P: (918) 585-2667
F: (918) 585-2669
E-mail: danielsmolen@ssrok.com
*Attorneys for Plaintiff*